# EXHIBIT 1

5/15/2017 2:03:02 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-002111
Ruben Tamez

No. D-1-GN-17-002111 _____

| | | |
|---|---|---|
| LEONIDAS MIXON, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMERICAN UNITED LIFE INSURANCE | § | |
| COMPANY, | § | 98TH |
| Defendant | § | _____ JUDICIAL DISTRICT |

### Plaintiff's Original Petition

TO THE HONORABLE COURT:

Leonidas Mixon, Plaintiff, respectfully files this original petition complaining of American United Life Insurance Company, and would show:

### I. Discovery Control Plan, Level 2

Pursuant to Texas Rule of Civil Procedure 190.3, this case is governed by Discovery Control Plan, Level 2.

### II. Nature of the Case

Mr. Mixon's claim arises from Defendant's wrongful termination of his long term disability insurance. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that he seeks damages within the jurisdictional limits of this court, specifically monetary relief over $200,000.00 but not more than $1,000,000.00.

### III. Parties

Plaintiff is an individual residing in the state of Washington.

-1-

1

Defendant, American United Life Insurance Company, is a foreign insurance company authorized to do business in Texas and may be served with citation by and through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### IV. Venue

Venue is proper in Travis County because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Travis County. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

### V. Conditions Precedent

All conditions precedent to recovery have been met or have occurred.

### VI. Facts of the Case

On March 31, 2014 Mr. Mixon enrolled in group insurance at his employer, Communications Corporation of America, including the long term disability policy with the defendant made the basis of this claim. A few months later, in July of 2014 Mr. Mixon injured his back when he jumped off of a truck bed and landed hard.

Mr. Mixon visited Dr. Swain on August 11, 2014 and reported back pain from the jumping incident. Dr. Swain prescribed an MRI and pain management. About two weeks later, on August 26, 2014, Mr. Mixon visted Dr. Irvine for the first time. Dr. Irvine's assessment was chronic low back pain with an acute or chronic acceleration three weeks previous to the visit. He also noted degenerative disc disease likely underpinnings his earlier herniation, a herniated disc,

facet arthrosis and paraspinal muscle spasms. The next day, on August 27, 2014, Dr. Irvine performed a lumbar spine transforaminal epidural steroid injection at left L4-L5.

On August 28, 2014 Mixon stopped working as salesman due to the back pain form the jumping incident. He visited Dr. Swain that date who completed disability paperwork and noted low back pain and insomnia. Mr. Mixon underwent another MRI in September of 2014 that showed advanced degenerative disc disease at L4-5 and L5-S-1. On September 19, 2014 Dr. Irvine saw Mr. Mixon and assessed him as having chronic neck pain, degenerative disc disease and facet arthrosis. Dr. Irvine referred Mr. Mixon to a neurologist for headaches.

On September 29, 2014 Dr. Irvine performed a series of Lumbar Spine Medial Branch Blocks on the left side of Mr. Mixon's body. A couple of weeks later, on October 13, 2014, Dr. Irvine performed another lumbar spine transforaminal epidural steroid injection at left L4-L5. The following day Mr. Mixon saw Dr. Irvine again who assessed him as having chronic low back pain, degenerative disc disease, facet arthrosis, lumbar radiculopathy, knee pain, left; chronic headaches, and chronic pain syndrome. Dr. Irvine prescribed Zohydro in place of hydrocodone.

The following month, on November 11, 2014, Mr. Mixon saw Dr. Irvine again. On this occasion Dr. Irvine assessed Mr. Mixon again as having chronic low back pain, degenerative disc disease, facet arthrosis, lumbar radiculopathy, knee pain, left; chronic headaches and chronic pain syndrome. He recommended that the epidural steroid injections be repeated. The claim administrator's note of November 13, 2014 stated that Mr. Mixon has had injections but they aren't helping.

About two weeks later on November 25, 2014 Dr. Swain filled out an attending physician's statement stating that Mr. Mixon should avoid heavy lifting. He also noted the same

day that, "back pain/abnormal ROM is present tender bilateral lumbar; patient continues with pain management."

Defendant commenced disability payments on November 26, 2014 in the amount of $2,100.00 per month less any applicable offset. In its letter of December 30, 2014 the claims administrator advised Mr. Mixon that his claim was approved. The claims administrator's medical review form noted the conditions resulting in impairment as chronic back pain, degenerative disc disease, facet arthrosis and herniated disc.

On December 11, 2014 Mr. Mixon saw Dr. Irvine again who assessed him as having chronic low back pain, degenerative disc disease, facet arthrosis, lumbar radiculopathy, knee pain, left; chronic headaches, and chronic pain syndrome. Dr. Irvine referred Mr. Mixon to a new neurologist and psychiatrist.

On January 3, 2015 Mr. Mixon signed the claims administrator's Agreement Concerning Benefits and the Training, Education and Experience Form. A couple of days later, on January 5, 2015, Dr. Irvine again performed lumbar spine transforaminal epidural steroid injection at left L4-L5. On January 9, 2015 Dr. Irvine noted that Mr. Mixon was suffering from chronic low back pain, degenerative disc disease, facet arthrosis, lumbar radiculopathy, knee pain, left; chronic headaches, and chronic pain syndrome. The claims administrator noted in its file on January 29, 2015 that Mr. Mixon had been getting injections, that he was seeing Dr. Irvine and Dr. Swain and that he was only able to do basic housework.

The following month, on February 6, 2015, Mr. Mixon again saw Dr. Irvine office who noted that Mr. Mixon was suffering from chronic low back pain, degenerative disc disease, facet arthrosis, lumbar radiculopathy, knee pain, chronic headaches and chronic pain syndrome. Dr. Irvine prescribed a new TENS unit to assist with Mr. Mixon's pain.

On March 3, 2015, the Rehabilitation Independent "Own Occupation Assessment" concluded that, "the essential functions of Sales Representative Radio & Television Time ... is performed at the light physical demand level..." A week later, on March 10, 2015, Mr. Mixon again saw Dr. Irvine, who noted that Mr. Mixon suffered from chronic low back pain, degenerative disc disease, facet arthrosis, lumbar radiculopathy, left knee pain, chronic headaches, and chronic pain syndrome. Dr. Irvine recommended and scheduled and L-4-5 epidural steroid injection. Dr. Irvine performed lumbar spine transforaminal epidural steroid injection at left L4-L5 a few days later in early April 2015.

Mr. Mixon saw Dr. Irvine again on May 5, 2015, and Dr. Irvine assessed Mr. Mixon as suffering from low back pain, degenerative disc disease, facet arthrosis, lumbar radiculopathy, left knee pain, chronic headaches, and chronic pain syndrome. The following day Mr. Mixon saw Dr. Swain who noted that Mr. Mixon was suffering from back pain and had abnormally decreased range of motion and tender bilateral lumbar paraspinals. The day after that, on May 7, 2015, Mr. Mixon provided his supplementary proof of loss and noted in his claimant's statement that he was suffering from, "severe lower back pain, radiating to left leg, difficulty walking, standing, sitting, severe headaches, confusion, and depression."

During the summer of 2015 Mr. Mixon began having dermatological issues as well. On July 29, 2015 he saw Andrea Jones, PA and it was noted that he suffered from Seborrheic Dermatitis, nail pitting and psoriasis. Mr. Mixon saw Andrea Jones again in September and October of 2015 for the same issues.

On November 3, 2015 Mr. Mixon underwent a functional capacity exam. The report stated that he could perform sedentary work but not full time.



During the early part of 2016, Mr. Mixon continued to see Andrea Jones and continued to be diagnosed with Seborrheic Dermatitis and psoriasis. Mr. Mixon moved from Lampasas, Texas to Austin, Texas in 2016 and was forced to stop seeing Dr. Swain and Dr. Irvine. He began seeing Dr. Mohammed Arif Ahmed for rheumatology and Dr. Alan Silberberg for pain management. Both of those doctors have supplied narratives in support of Mr. Mixon's claims.

Despite overwhelming evidence to the contrary, on May 4, 2016 defendant terminated Mr. Mixon's long term disability benefits. Mr. Mixon appealed the denial but that appeal was denied.

## VII. First Cause of Action:  Breach of Contract

Defendant's actions amount to a breach of contract between Mr. Mixon and the Defendant. Mr. Mixon applied for and was accepted for insurance coverage by Defendant. He paid the required premiums, entering into a binding contract for insurance with Defendant. Defendant breached the contract by terminating Mr. Mixon's benefits. Plaintiff is entitled to recover his actual damages, court costs and reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code, Section 38.001, et seq.

## VIII. Second Cause of Action:  Texas Insurance Code Sections 542.051-061

Defendant's actions also amount to a violation of Texas Insurance Code, Sections 542.051-061. As such, Plaintiff is entitled to 18% per annum in addition to the amount of his claim, plus attorneys' fees.



### IX. Jury Demand

Plaintiff has requested that this case be decided by a jury as allowed by Tex. R. Civ. P. 216. The appropriate jury fee has been paid.

### X. Prayer

Plaintiff prays that upon final trial of this case he have judgment against Defendant for actual damages, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest, and such other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

JON MICHAEL SMITH
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
512/371-1006
512/476-6685 fax
Email: Jon@jonmichaelsmith.com



# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____ **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** LEONIDAS MIXON V. AMERICAN UNITED LIFE INSURANCE COMPANY
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Jon Michael Smith | Email: hailey@jonmichaelsmith.com | Plaintiff(s)/Petitioner(s): Leonidas Mixon | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 3305 Northland Drive, Suite 500 | Telephone: 512-371-1006 | | Additional Parties in Child Support Case: |
| City/State/Zip: Austin, TX 78731 | Fax: 512-476-6685 | Defendant(s)/Respondent(s): American United Life Insurance Company | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: /s/ jonsmith | State Bar No: 18630750 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

| Contract | Injury or Damage | Real Property |
|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: ____<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>■ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: ____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: ____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product: ____<br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: ____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: ____ |

### Family Law

| Marriage Relationship | Other Family Law | Post-judgment Actions (non-Title IV-D) |
|---|---|---|
| ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: ____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |

| Parent-Child Relationship |
|---|
| ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: ____ |

| Employment | Other Civil |
|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: ____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property<br>☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: ____ |

| Tax | Probate & Mental Health |
|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings<br>☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court ☐ Declaratory Judgment ☐ Prejudgment Remedy
☐ Arbitration-related ☐ Garnishment ☐ Protective Order
☐ Attachment ☐ Interpleader ☐ Receiver
☐ Bill of Review ☐ License ☐ Sequestration
☐ Certiorari ☐ Mandamus ☐ Temporary Restraining Order/Injunction
☐ Class Action ☐ Post-judgment ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
■ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On ____

VELVA L. PRICE
DISTRICT CLERK

APPROVED
By carbajy at 1:46 pm, Jun 12, 2017